The first matter for argument is Spekulation Orphan Relief Trust v. NewRez 23-3484. Each side has 10 minutes, and I believe we have one person on video. And I want to make sure, can you see everything, can each of you see everything that you need? Yes, Your Honor. All right, and how about, I think it's, is it Mr. Latchman or Lachman? Lachman, thank you. Lachman? Okay, can you see what you need? Yes, thank you. Okay, all right. If any of you have any problems hearing at any point or seeing what you need to see, let us know. But this usually works quite well. All right, so we're ready to proceed. So we'll begin with, I believe it's Mr. Hong is here by Zoom. So please state your appearance, Mr. Hong, and you have 10 minutes total. And if you wish to reserve any time for rebuttal, that's part of the 10 minutes. Good morning. Yes, good morning, Your Honor. It's Joseph Hong for Spekulation Trust, Orphan Relief Trust. And may I reserve four minutes for rebuttal, Your Honor? All right, that's aspirational, but go ahead. Is that, is that yes? Well, yes, if we're not, but if we, if we have questions the whole time, then we're going to use up your time. So that's, that's the way it works. Thank you. Go ahead. Thank you, Your Honors. Your Honors, as briefed in this case, this is the trust's appeal on the denial of the motion to remand based on diversity jurisdiction. And the amended complaint, as stated in the moving papers, Your Honors, the amended complaint was filed in, the original complaint was filed in state court. Thereafter, approximately five or six months later, after a preliminary injunction was issued, an amended complaint was filed stating the new citizenship for the trust based on the trustees, a new trustee's citizenship. It was then removed by New-Res and a motion for remand was sought and it was denied based on lack of subject matter jurisdiction. And unless Your Honors have any questions, I don't really have anything more than the moving papers and specifically the reply. Mr. Hong, if the district court finds there's jurisdictional manipulation, should a sanction be ordered? And if so, what would that sanction be? Well, yes, that's a good question, Your Honor. First of all, on jurisdictional manipulation, I believe this circuit has somewhat addressed it in the attorneys' trust versus the videotape case. And in terms of manipulation, that case, and it seems like most of the cases, dealt with creating jurisdiction in the federal court through assignments. And in this case, it's the opposite, and it wasn't a manipulation in terms of destroying diversity. I agree with you that the other cases primarily deal with a situation of destroying diversity when it's filed first in federal court. This obviously went the other way. My question is, if the district court finds judicial manipulation, why couldn't it sanction in a way that's just kind of the reverse and say, no, I'm not going to send you back? Well, yes, Your Honor. Then I imagine that would be the correct sanction saying, no, your client's motion to remand is denied. But in this case, again, there was no manipulation. I will say, Your Honor, these are what we call second-generation cases, and they flow from first-generation. When I say second-generation cases, particularly in Nevada, and it all stems from the first-generation cases in Nevada regarding HOA foreclosure sales. And for those cases where the first-generation, where the deeds of trust would have survived the HOA foreclosure sales, that became the byproduct of these second-generation cases based on the 106-240 statute, the 10-year rule, as we call it. Now, there are many, many real estate companies and investors that are plaintiffs or owners in these second-generation cases, and many of them are affiliates, or many of them know each other quite well. And that's what we have here. I will say for the court, the Turcado, Inc., the Delaware Corporation, that's also shared by another entity involved in these cases. So there was no manipulation, Your Honor. Well, you say there's no manipulation, but the district court clearly found, based on whatever it was looking at, that there was manipulation. So are you saying that maybe the proper procedure here is to remand for finding on some test as to whether the district court has a basis for finding jurisdictional manipulation? That would be great, Your Honor. And as submitted in the district court, it was a sworn declaration, sworn affidavit, by the officer of Turcado, Inc., testifying that Turcado, Inc. was the trustee for this trust, became the trustee for this trust. So what's your best precedent where a plaintiff was allowed to defeat federal diversity jurisdiction by changing the citizenship after filing the complaint? Well, the best precedent, Judge, Your Honor, I'm sorry, is that the cases that are relied upon by New Rez are in situations where there was jurisdiction after removal or the case was filed in federal court and then there was an amendment. This scenario, an amended complaint, this scenario, the amended complaint was filed in state court. Right. I know that, but do you have a case on point? Because the federal cases say it's at the time of filing of the complaint, right? Right. So, but you filed it in state court. There's no, it's undisputed that there was diversity when it was filed in state court, right? And somewhere between when they removed, there was a change. No, no, no, no. There was, no, there was no diversity even at the amended complaint level, which was filed in state court. When you filed in state court, was there diversity of citizenship when you filed the first complaint? No. You just said it happened at the amended complaint. I'm sorry. I apologize. Okay. Complaint, amended complaint are not the same. Right. The complaint, there was no diversity of citizenship. The amended complaint, there was no diversity of citizenship, both at the state court level. So the cases that have been relied upon by New-Res pertain mostly, and I think, I believe all of them, when there was a proper removal based on diversity, and then a change of citizenship to destroy diversity, when the case was already in effect. So when did speculation first inform New-Res that it had a trustee, that its trustee was incorporated in Delaware? I believe that was, I believe that was in the amended complaint. If the citizenship was not fully stated in the amended complaint, then it would have had to have been at the time of the motion to remand, Your Honor. Okay. You're at three minutes and 32 seconds. You want to save that time? Yes. Yes. Thank you. Thank you, Your Honor. Okay. All right. We'll hear from New-Res. Good morning. May it please the Court, Your Honors, Scott Lachman from New-Res, doing business at Shell Point Mortgage Servicing. Shell Point respectfully requests this Court reaffirm Hornbook, the Hornbook principle that citizenship for purposes of diversity jurisdiction depends on the original complaint, thus freezing in time the citizenship of the parties, just as Your Honor mentioned. Shell Point also requests the Court reaffirm the district court's judgment. Well, I thought I just heard your friend on the other side say that when the original complaint was filed, there wasn't diversity. And, Your Honor, that's correct. At the time of the original complaint, speculation trusts sued both Shell Point and the foreclosure trustee, Quality Loan. At that time, speculation represented to the Court in its original complaint that it was a California citizen and Quality was also a California citizen. So we weren't able to remove the complaint to Federal court until the amended complaint, wherein speculation removed Quality as a defendant. What you're talking about is the time of filing rule, correct? Correct. But doesn't that apply mainly to actions that are originally brought in Federal court? Your Honor, the time of filing rule applies to both cases filed in State court and in Federal court. The time of filing rule is longstanding United States Supreme Court authority. As the Court stated in Grupo Dataflux 451 U.S. 567, it's long been the case that jurisdiction of the courts depends on things at the time that the action was brought. The Supreme Court said in that case that the time of filing rule is Hornbook law, quite literally taught to first-year law students in any basic course of Federal civil procedure. While it's been ages since we were 1Ls, the law has not changed. Just this January, the U.S. Supreme Court confirmed the time of filing rule in Royal Canine v. Walschlager, 604 U.S. 22, in footnotes 5, 6, and 8. The Court specifically in footnote 5 said, in diversity cases, courts evaluate a party's citizenship at the time that the suit is brought, and never again later. Speculations, California citizenship always has to be California, as it was pled in the original complaint. If I can ask a question here. I mean, there's a kind of odd procedural issue here. You know, most cases where they create jurisdiction or defeat jurisdiction, I think they're clearly here with some manipulation here. You originally had you were able to remove, but they did something and you can't remove. Here it looks like there was never actual complete diversity to remove it. So at the time the original complaint is filed in state court, there's no complete diversity because speculation is a California citizen, and there was this other party defendant, quality loans, that's California, so you can't remove. Then it's amended. Quality is dropped. But then the new speculation creates, you know, manufactures this Delaware citizenship. So now there's no complete diversity because you have Delaware, Delaware. And then at the time of removal, also that exists. So at no time was there ever technically, if you're just looking at the pleadings, complete diversity. So even if there's manipulation here, I mean, do we have jurisdiction? It's kind of an odd fact pattern here. It's not your typical one where you had it and it destroyed it or created it. This is they never had it ever, in part maybe because it was through manipulations. It's very odd here. And, Your Honor, it's a unique fact pattern. Just like Mr. Hong said, we could not locate a case with this exact fact pattern anywhere in the country. But we're here today. And allowing speculation to change its citizenship and destroy diversity would contravene principles articulated by the United States Supreme Court in Connolly v. Taylor from 1829 and Millon v. Torrance, 1824. That's 200 years of well-ingrained authority. This court applied that authority in a case called Strotek. And in that case, 300 F. 3D, 1129, 2002, it said that once jurisdiction attaches, a party cannot thereafter by its own change of citizenship destroy diversity. The court went on to say, nor may the presence of a sham or nominal party defeat removal on diversity grounds. Adhering to these core principles, speculation cannot just change its citizenship and then amend its complaint by adding a trustee of a sham or nominal character. Speculation ignored 200 years of authority, inventing a diversity-destroying trustee after filing its original lawsuit. It added a trustee, Turcado, Inc., five days before amending the complaint. Making matters worse, now Turcado is what Delaware calls a void LLC. The rationale for this label is in its Delaware filings. The only filing was in 2002, or 2022, right before it amended its complaint. It's been three years since, and there's been no corporate filings. Turcado is a stereotypical sham or nominal trustee. To the extent — it is blatantly obvious what speculation tried to do. This Court appears to see that. The district court saw that, and this Court cannot stand for it. This Court should also not stand for opening briefs that conceal the true facts. Our last request for relief is sanctions against both Speculation Trust and its counsel for filing an opening brief without governing law and a complete set of facts, as required by Rule 28. Judge Rash, you mentioned a remand for sanctions. Obviously, our main request is to affirm the judgment. To the extent this Court does remand for any reasons, we ask that it be crystal clear that the remand be strictly for sanctions. So when Speculation filed its amended complaint, what actions did you undertake to determine citizenship? Your Honor, my former partner, Melanie Morgan, reached out to Speculation's counsel and requested information regarding citizenship. So we did some research on citizenship. This Court needs to remember this is an HOA foreclosure case, and Speculation Trust is not the borrower. So if Speculation Trust was the borrower, for instance, we would have all this information in our loan file. Speculation Trust didn't even purchase the property at the sale. It purchased it after the sale. So there's very limited information in the public sphere, or even if you Google Speculation Orphan Relief Trust, there's just nothing out there except for this case. And so when Speculation amended its complaint, my former partner, Melanie Morgan, reached out to Speculation's counsel. And you'll see in the record the e-mail correspondence back and forth. And we were we the only information that we had was that through the original complaint that Speculation alleged to be a California citizen. So if at the time of removal of a State civil case to a Federal district court there is not complete diversity, may the Federal court retain jurisdiction or must it remand to the State court? Your Honor, we're I think I think there's two different issues going on. At the time of the initial complaint, you had shell point quality on one side of the V, and on the other side of the complaint you had speculation. Here there's a party that was removed. So we're ignoring that complaint. We're ignoring that party. Under the law, that party never even became a party because it was never served. We ignore that party's citizenship like it never even existed. And going back, we're going back to the time of filing rule. Sotomayor, isn't the test for cases removed from State court that there must be diversity at the time the case is initiated and at the time of removal? That's incorrect, Your Honor. As to at the time of removal, that applies to Federal jurisdiction, supplemental jurisdiction, and adding parties. It doesn't involve here a party who changed its own citizenship. And to the extent this court does find that it is at the time of removal, we request the court find that this Tercotto is a sham trustee. It's obvious from the record that it is. This case was meant for a couple things. Delaying foreclosure, did some jurisdictional games, and there's been hide-the-ball litigation tactics. They're very bothersome to Shell Point. It should bother this Court, too. Again, Shell Point requests this Court issue sanctions, whether that be on appeal or a limited remand. We request that the Court affirm the judgment and reaffirm the Hornbook that Hornbook diversity jurisdiction law, specifically the time-of-filing rule, where citizenship is frozen as of the amended complaint. Better yet, speculation should just let the appeal go. This appeal is frivolous, it's nonsensical, and it can't undo 200 years of Nevada or of United States Supreme Court precedent. Thank you. All right. Thank you for your argument. All right. Mr. Hong, you have your rebuttal time. You're muted. Thank you, Your Honor. All right. I'm sure you said something important, but you better start over. I will. Your Honor, to start, I'm hearing two different things from Shell Point here. I just heard counsel's argument, ignore the complaint. But what we have here is the complaint originally filed in state court, there was no diversity jurisdiction, because at that time, my client's trustee was a California citizen. And another name defended, Quality Loan Servicing Corporation, was a California citizen. Why did you name Quality Loan in the original complaint? And why did you drop it later in the amended complaint? Yes, Your Honor. The reason being in these cases is because Quality Loan was the trustee of New Rez moving forward with the foreclosure sale. And as soon as the complaint was filed, a motion for a TRO or a preliminary injunction was sought. And henceforth, the trustee was named as well. Now, once the preliminary injunction was entered by the state court, and moving forward, my client felt that the trustee was no longer a necessary party because the Shell Point was already bound by the preliminary injunction. And that's why the amended complaint. And by the way, the amended complaint, Your Honors, it wasn't just filed just because it was triggered based on a motion to dismiss filed by Shell Point, which means under NRCP 15, which is the parallel to FRCP 15, as a matter of course, within 21 days, a party can file an amended complaint in response to a motion to dismiss. And that's what was done. But if we're going to go, this is where I'm a bit confused with the arguments of Shell Point. If Shell Point wants to go with the original complaint, I believe, as Your Honor stated earlier, then the original complaint, there was no diversity jurisdiction. There just was not. And Your Honor asked me, what's your best case for this? It was presented, I believe, in the opening brief, but it's really the Ramirez versus City of San Bernardino case, this circuit's court, where that case made very clear an amended complaint moots out an original complaint, which means the original complaint is completely meaningless upon the filing of an amended complaint. And that's what we had here. And we filed the amended complaint in state court. And Your Honor also addressed this, the time of filing rule, the textbook hornbook, that's for cases that are filed in federal court. And the Grupo case, the U.S. Supreme Court case, that was the scenario. It's when a case is filed in federal court and there is diversity jurisdiction. And then while in federal court, a party attempts to change citizenship to destroy diversity. And that's the rationale where we go to the time of the filing rule in federal court. Or better yet, we can go to the time of the removal, when the case is removed, as Your Honor also stated, when the case is removed. And my client, the trust, respectfully asks for sanctions against ShellPoint for these bullying tactics and trying to quelch and bully my client into raising arguments that it's entitled to raise. What was the basis for adding Turcotto as a member of the speculation trust? The basis was to have a corporation be the trustee, Your Honor. Sorry, could you repeat that? To have a corporation be a trustee rather than an individual. And it just happened to be Delaware? Well, I believe most companies or most real estate investors or real estate companies in these cases want to have Delaware corporations. Just like most have. And why wasn't this mentioned in the opening brief? I mean, this is a key issue, but none of this was mentioned in the opening brief. Well, in terms of mentioning it in the opening brief, we referenced or we relied on the amended complaint. And at the time of removal, there was no diversity jurisdiction. That's why, Your Honor. But in terms of the reasoning, the reasoning for it, I did not. My client, our position was we didn't feel like we needed reasoning as to internally for a trust as to the trust's business in terms of what they want to do for a trustee. But if we're going to go back to the original complaint, which again became moot as a matter of law at the time the amended complaint was filed, and that's been confirmed by this court in Ramirez, fine. The original complaint, there was no diversity of jurisdiction even at that time. All right. Unless there's further questions, your time has expired. Thank you, Your Honor. All right. Thank you both for your argument this morning. This matter will stand submitted.
judges: CALLAHAN, LEE, UNKNOWN